UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Nolan, | ) C/A No. 6:11-02595-CMC-KFM |
| Petitioner, | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| Mary M. Mitchell, Warden, | ) |
| Respondent. | ) |

Leroy Nolan ("Petitioner") is a federal prisoner at Federal Correctional Institution (FCI) Edgefield seeking habeas corpus relief, pursuant to 28 U.S.C. § 2241, from a conviction in the United States District Court for the Northern District of Georgia. ECF No. 1, page 2. Petitioner was found guilty of conspiracy to distribute mixtures of drugs containing heroin, cocaine, and cocaine base on March 15, 1994, and sentenced to a term of life imprisonment on June 29, 1994. *Id.* Petitioner filed a direct appeal to the Eleventh Circuit Court of Appeals, which affirmed the conviction on April 1, 1997. *Id.* at 3. A petition for rehearing was denied by the appellate court on October 30, 1997. *Id.* Petitioner then submitted a motion under 28 U.S.C. § 2255 to the sentencing court, which denied relief on April 27, 2001. *Id.* at 4. Petitioner appealed the District Court's order denying his § 2255 motion; however, the Eleventh Circuit Court of Appeals denied Petitioner a certificate of appealability. *Id.* Petitioner indicates that he has not requested permission to file a second or successive § 2255 because he cannot meet the requirements to do so. *Id.* However, Petitioner claims that he is actually innocent of the life term of imprisonment. *Id.* Petitioner claims that the district court lacked jurisdiction to impose a life sentence. *Id.* at 9. Petitioner

1

also alleges that the sentencing judge was prejudiced against "people of color." *Id.* at 12. Petitioner asks this Court to vacate his life sentence. *Id.* at 15.

## *DISCUSSION*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 savings clause. *San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002). The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective.  Petitioner has failed to make such a showing in the instant Petition.  The fact that Petitioner did not prevail in his prior § 2255 action does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the savings clause of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328  (4th Cir.2000).  In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law."  *Jones*, 226 F.3d at 333-34.

In the instant § 2241action, Petitioner raises issues associated with his conviction to include lack of jurisdiction by the sentencing court and alleged racial bias by

3

the sentencing judge. However, Petitioner provides no allegations of new evidence, unavailable at the time of conviction, which undermines the validity of his criminal conviction. Instead, Petitioner alleges that he is "actually, factually, and legally innocent of the 'life' term of imprisonment." ECF No. 1, page 4. However, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). As Petitioner's claim is insufficient to invoke the savings clause embodied in § 2255, he is barred from proceeding with this habeas corpus action under § 2241.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

November 7 , 2011
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).